**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|                          |     |                                  |
|--------------------------|-----|----------------------------------|
| JASON LAPOSAY,           | )   |                                  |
|                          | )   |                                  |
|                          | )   |                                  |
| *Petitioner,*            | )   |                                  |
| v.                       | )   |                                  |
|                          | )   | Criminal Action No. 1:12-cr-146  |
| UNITED STATES OF AMERICA | )   | Civil Action No. 1:15-cv-275     |
|                          | )   |                                  |
| *Respondent.*            | )   |                                  |
|                          | )   |                                  |

## Memorandum Opinion

This matter comes before the Court on Petitioner Jason Laposay's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 because his counsel provided ineffective assistance to him. Dkt. No. 43. The government opposes this Motion as untimely and unmeritorious. The Court finds the Motion is both untimely and unmeritorious and thus finds good cause to DENY the Motion on the merits.

### I. Background

On June 29, 2012, Laposay pleaded guilty before this Court to one count of production of child pornography in violation of 18 U.S.C. § 2251(b), a crime that carries a maximum sentence of 30 years in prison. Dkt. No. 22. However, the evidence overwhelming demonstrated that Petitioner had sexually abused a prepubescent child for several years and was in possession of hundreds of pictures of child pornography. On December 14, 2012, the Court sentenced Laposay to 30 years imprisonment, 15 years of supervised release, and restitution in the amount of $52,840. In accordance with his plea agreement, Laposay did not file an appeal with the Fourth Circuit.

1

Over two years later, around February 13, 2015,[1] Laposay filed the current Motion to
Vacate. Dkt. No. 43. After obtaining an extension of time, the Government filed a response in
opposition to the Motion on May 20, 2015. Dkt. No. 54. Laposay then filed a timely reply in
support of his Motion. Dkt. No. 56.

## II. Discussion

Laposay's Motion states three grounds upon which his Motion should be granted: (1) his
counsel provided ineffective assistance during the pre-plea and guilty plea stages, (2) his counsel
was ineffective during the sentencing stages, and (3) his counsel was ineffective considering the
totality of the circumstances. Laposay's brief in support of his motion adds one additional
argument: (4) his counsel was ineffective for failing to advise him that the plea agreement was
void. The Court will first address whether this Motion is timely and then address whether any of
the four grounds Laposay has asserted have merit.

### A. Whether Laposay's § 2255 Motion is Timely

A one year time limit applies to § 2255 motions. 28 U.S.C. § 2255(f); *Clay v. United
States*, 537 U.S. 522, 524 (2003). All § 2255 motions must be filed within one year of the latest
of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

---

[1] The Motion was signed by Petition on February 13, 2015, but was not received by the clerk's office until February 26, 2015.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Milan v. United States*, 57 F. Supp. 3d 571, 578 (E.D. Va. 2014).

The government argues that only the first of these four dates is applicable in this case. This Court entered the Judgment of conviction on December 14, 2012. Because Laposay did not appeal, the one year clock started running on that date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Laposay did not file the current Motion until February of 2015, over two years after the Judgment was entered. The government asserts that the motion is therefore untimely and must be dismissed.

Laposay argues that § 2255(f)(2) is relevant because there was an impediment in place created by the government that prevented him from filing this Motion on time. The "impediment," Laposay asserts, was lack of access to a law library. Laposay maintains that he was initially housed at a prison with only an electronic law library ("ELL"). While Laposay had access to the ELL, he did not know how to use it and the prison did not provide any assistance or instructions on how to use it. Laposay could not receive assistance from a fellow inmate because he was placed in protective segregation immediately after his sentencing because of his child pornography charges and threats made against him because of these charges. In April of 2014, Laposay was transferred to FCI Marianna, where he was permitted to "walk the yard." At FCI Marianna, Laposay met with an inmate law clerk in the law library who told him about § 2255 motions and the one-year deadline. Laposay maintains that the "impediment" was lifted, and the limitations period triggered, when he was transfer to FCI Marianna in April of 2014.

To toll the statute of limitations, the complained of "impediment" must be "in violation of the Constitution or laws of the United States." 28 U.S.C. § 225(f)(2). The Court thus must determine whether the circumstances of Laposay's incarceration was in violation of the

Constitution. Courts have concluded that incarceration at multiple jails with no law library or library clerk is not "violative of [a § 2255 petitioner's] constitutional rights in anyway." *United States v. Wampler*, 2008 WL 565108 (W.D. Va. Feb. 29, 2008) (citing *Lewis v. Casey*, 518 U.S. 343 (1996) (finding that constitution does not require certain type of legal assistance or legal access for inmates and that to prove constitutional violation, inmate must show lack of access significantly hampered his ability to litigate viable legal claim)). The facts in *Wampler* are very similar to this case. The petitioner, Wampler, who had filed his § 2255 motion more than two years after his conviction became final, argued that the decision to house him in "jails without law libraries or law clerks for fourteen months after his conviction was an 'impediment'" under § 2255(f)(2). *Id.* at *2. Like Laposay, Wampler argued that "this impediment was removed upon his transfer to a federal prison facility." *Id.* Finding that the lack of access to a law library or law clerk did not violate Wampler's constitutional rights, the court declined to toll the statute of limitations and found Wampler's § 2255 motion untimely.

The *Wampler* court found it significant that "other than his own conclusory allegations, Wampler offer[ed] no evidence whatsoever of any attempts he made at the local jails to obtain access to legal materials or legal assistance." *Id.* Other courts have similarly declined to find a lack of access to legal material an "impediment in violation of the Constitution or laws of the United States" where the petition did "not allege[] that he lacked access to the text of Subsection 2255(f) or that he made any effort to obtain additional information about Subsection 2255(f)." *Broughton v. United States*, 2015 WL 224927, at *2 (M.D.N.C. Jan. 15, 2015) (collecting cases). Laposay admits that he had access to an ELL, but makes no allegation that he tried to use it to obtain a § 2255 form or any information about § 2255. Laposay blames this failure to use the ELL on his lack of knowledge of § 2255 relief and its statute of limitations. The Court rejects

4

this excuse as Laposay's ignorance of § 2255 or the statute of limitations is insufficient to justify tolling the statute of limitations. *Id.*; *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling.").

For these reasons, the Court declines to find there was a "limitation" under § 2255(f)(2) that prevented Laposay from filing this Motion within the year after Judgment was entered against him. The date Judgment was entered thus triggered the one year statute of limitations. Because over two years had passed between the date Judgment was entered and the filing of this Motion, the Court finds it untimely under the statute.

Laposay's briefs can also be interpreted as asserting that equitable tolling should be applied to his Motion. A § 2255 petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Fourth Circuit has dictated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, equitable tolling should only be applied in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Petitioner has made no allegation that he pursued his rights diligently during the first year after his conviction. He also makes no allegation that he attempted to use the ELL, tried to figure out how it worked, or asked for assistance in using it. Considering these facts, the Court finds Laposay has not met the high bar necessary to benefit from equitable tolling.

As the Court finds this Motion is untimely under the statute and equitable tolling inappropriate, the Court finds good cause to dismiss this Motion. However, the Court will also address the merits of this Motion.

### B. Whether Laposay's § 2255 Motion is Meritorious

A petitioner is entitled to relief under 28 U.S.C. § 2255 if he demonstrates either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Claims of ineffective assistance of counsel are properly brought in a § 2255 motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir.1997). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-part standard for evaluating claims of ineffective assistance of counsel. The first prong of the *Strickland* test requires a showing that counsel failed to provide reasonably effective assistance; that is, that counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687-88, 690. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the defendant to show prejudice. *Id.* at 694. Under this prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The burden of proving both prongs is on the petitioner who seeks to challenge the conviction, *id.* at 696-97, and the petitioner must prove both prongs by a preponderance of the evidence. *Berry v. United States*, 884 F. Supp. 2d 453, 457 (E.D. Va. 2012). As stated above, Laposay asserts four grounds upon which his Motion should be granted. The Court will address each of these arguments in turn.

6

*(1) Whether Defense Counsel Provided Ineffective*
*Assistance During the Pre-Plea and Guilty Plea Stages*

Laposay first argues that his counsel, Patrick Anderson, provided him with ineffective assistance during the pre-plea and guilty plea stages. The *Strickland* test is slightly altered in the context of a guilty plea; to demonstrate ineffective assistance with regard to a guilty plea, a petitioner must show that counsel's conduct fell below an objective standard of reasonableness and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). To demonstrate this, the petitioner "must convince [the Court] that the decision to go to trial 'would have been rational under the circumstances.'" *United States v. Dyess*, 730 F.3d 354, 361-62 (2013); (quoting *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010)).

Laposay asserts that his counsel provided him with ineffective assistance for three reasons: (1) his guilty plea was not made knowingly because he took a heavy dose of lithium he was given prior to his plea and it impaired his mental functioning; (2) his counsel failed to pursue a medical or psychiatric evaluation prior to his plea; and (3) his counsel failed to request a competency hearing before he pleaded guilty. The briefs from the parties sharply contest whether or not Laposay was under the influence of any drugs at the time of the guilty plea and, if he was, whether it impaired his mental functioning. As the government points out, at the plea hearing, the Court asked Mr. Laposay, "are you on any medication which would make it difficult for you to understand my questions today or the work that you have done with Mr. Anderson leading up to today." Dkt. 52, at 3. Mr. Laposay replied, "No, Your Honor." *Id.* Evidently, Laposay now asserts that this was a false statement.

7

The Court need not hold an evidentiary hearing to decide this factual dispute because Laposay has not established the requisite prejudice.  Laposay has made clear that he is only complaining that his counsel permitted him to enter a guilty plea under the influence of lithium. However, he never once asserts that if he had not been under the influence of lithium he would not have entered the guilty plea and he would have insisted on going to trial.  Further, the evidence against Laposay was overwhelming.  Laposay himself admitted to producing child pornography.  In light of all the evidence, the Court cannot conclude that it would have been a rational choice for Laposay to proceed to trial instead of entering a guilty plea.  Laposay has thus failed to establish the prejudice prong of his first ineffective assistance of counsel claim. Accordingly, the Court finds good cause to dismiss this claim.

*(2) Whether Defense Counsel Provided Ineffective During the Sentencing Stage*

Laposay next argues that his counsel was ineffective because he canceled a psycho-sexual evaluation that he had previously arranged Laposay to undergo prior to sentencing. Laposay argues that had the evaluation been conducted it would have revealed that he was not in a high risk category for recidivism and that his bi-polar disorder contributed to his offense conduct such that he would be at a minimal risk for re-offending with proper treatment and medication.  Laposay argues this could have been used as a mitigating factor at sentencing. Anderson cancelled the evaluation because Laposay's family had not paid for the evaluation and, evidently, had not paid for some of the other legal services Anderson had provided up to that point.

The Court cannot conclude that defense counsel's decision to cancel the evaluation was objectively unreasonable.  First, beyond Laposay's conclusory allegation, there is no evidence that the evaluation would have revealed the conclusions that Laposay posits.  Second, the

8

resources of Petitioner and defense counsel are limited and there is no responsibility in this type

of case to investigate every possible mitigating factor for presentation at sentencing. Finally, the

Court finds no prejudice resulted. The evidence showed that Laposay engaged in outrageous

conduct with a minor victim that no doubt inflicted immeasurable harm on her. The Court

reasserts that thirty years incarceration was not only permissible under the statute but appropriate

considering the heinous nature of the offense committed.

### (3) Whether Defense Counsel Provided Ineffective
### Assistance Under the Totality of the Circumstances

Next, Laposay lists a series of issues he has with his defense counsel that he asserts

collectively establishes that his counsel provided him with ineffective assistance. Without

addressing each issue, the Court finds none of these claims taken individually or together rise to

the level of objectively unreasonable assistance or resulted in prejudice to the petitioner. For the

reasons set forth in the government's brief in opposition, Dkt. No. 54, the Court declines to find

that defense counsel provided ineffective assistance under the "totality of the circumstances."

### (4) Whether Defense Counsel Provided Ineffective for Failing
### To Advise Laposay That the Plea Agreement Was Void

Finally, Laposay argues that his plea agreement was void because it contained the

following clause: "The defendant is satisfied that the defendant's attorney has rendered effective

assistance." Laposay argues that the government committed "constructive fraud" by placing the

clause in the plea agreement because this clause created a conflict of interest between him and

his counsel. Laposay's complains that his counsel advised him to enter into the plea agreement

and that he could not receive the benefits of the plea agreement unless he agreed to this statement

that his counsel was effective.

This clause does not render the plea agreement deceitful or void.  Rather than fraudulent, this clause, which is standard in plea agreements, was intended to ensure that Laposay was satisfied with his counsel's assistance.  It was intended to ensure that he did not enter into a plea agreement if he was not satisfied with his counsel's assistance and that he was in fact satisfied with his representation leading up to the plea agreement.  The Court similarly asked Laposay at his plea hearing if he was satisfied with his counsel's services on his behalf.  This question is also standard in a plea colloquy and, in response, Petitioner did not state that he was unhappy with his counsel in anyway.  The Court, therefore, cannot conclude that Laposay's counsel provided objectively ineffective assistance by advising him to enter into a plea agreement containing this standard clause.

### IV. Conclusion

As outlined above, the Court finds this Motion is both untimely and unmeritorious.  The Court therefore finds good cause to DENY the Motion.  An appropriate Order will issue.

May 9 , 2016
Alexandria, VA


                                        /s/
                        _____
                        Liam O'Grady
                        United States District Judge